UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLY VAN BATTEN,<br><br>             Plaintiff,<br><br>     v.<br><br>TUCKER,<br><br>             Defendant. | Case No.: 1:20-cv-01597-CDB<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE** |

Plaintiff Sly Van Batten is a former county jail inmate and current state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 2, 2024, Defendant Tucker filed a motion for summary judgment, asserting there is no triable issue of material fact concerning Plaintiff's claim of excessive force. (Doc. 37.) The motion was accompanied by a *Rand*[1] notice, advising Plaintiff of the requirements for opposing a motion for summary judgment. (Doc. 37-4.)

Pursuant to Local Rule 230(*l*), Plaintiff's opposition, or statement of non-opposition to the motion was to be filed "not more than twenty-one (21) days after the date of service of the motion." Plaintiff has failed to file either an opposition or a statement of non-opposition and the time to do so has passed.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

The Local Rule concerning motions in prisoner actions provides, in relevant part:

> Opposition, if any to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

Local Rule 230(*l*).

Here, more than six months have passed since Defendant filed his motion for summary judgment. Plaintiff's opposition or statement of non-opposition was due January 23, 2024, plus time for mailing. The deadline for Plaintiff to respond to Defendant's motion for summary judgment has expired, and Plaintiff has not otherwise been in contact with the Court. Plaintiff will be permitted one final opportunity to show cause why this action should not be dismissed with prejudice for his failure to prosecute.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed, with prejudice, for his failure to prosecute. Alternatively, within that same time, Plaintiff may file his opposition or

statement of non-opposition to the motion for summary judgment.[2] **Failure to comply with this order will result in a recommendation that this action be dismissed, with prejudice, for a failure to prosecute**.

IT IS SO ORDERED.

Dated:   **July 12, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[2] The Court acknowledges Defendant's Reply re Plaintiff's Non-Opposition to Motion for Summary Judgment filed February 21, 2024. (Doc. 38.) In the event Plaintiff files an opposition to Defendant's motion, Defendant may file a reply to any such opposition within 14 days.