UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLY VAN BATTEN,<br><br>            Plaintiff,<br><br>       v.<br><br>TUCKER,<br><br>            Defendant. | Case No.: 1:20-cv-01597-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR PLAINTIFF'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Sly Van Batten is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

On January 2, 2024, Defendant Tucker filed a motion for summary judgment. (Doc. 37.) The motion was accompanied by a *Rand*[1] notice, advising Plaintiff of the requirements for opposing a motion for summary judgment. (Doc. 37-4.) Plaintiff failed to oppose the motion. On February 21, 2024, Defendant filed a reply, noting Plaintiff did not oppose the motion. (Doc. 38.)

On July 12, 2024, the Court issued its Order to Show Cause (OSC) in Writing Why Action Should Not Be Dismissed for Failure to Prosecute. (Doc. 39.) Plaintiff was to respond within 14 days. (*Id*. at 2-3.)

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1    On July 19, 2024, the OSC was returned to the Court by the United States Postal Service marked "Undeliverable, Paroled."[2]

The California Incarcerated Records and Information Search (CIRIS) tool produced no results using Plaintiff's first and last name and/or CDCR number,[3] indicating Plaintiff is no longer in the custody of the California Department of Corrections and Rehabilitation (CDCR).

## II.   DISCUSSION

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." The Local Rule concerning motions in prisoner actions provides, in relevant part:

> Opposition, if any to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days

---

[2] The Court's docket reflects Plaintiff's address as follows: Sly Van Batten, BM-9596, California Men's Colony, East, Highway 1, P.O. Box 8101, San Luis Obispo, CA 93409-8101.

[3] *See* https://apps.cdcr.ca.gov/ciris/results?lastName=batten&firstName=sly and https://apps.cdcr.ca.gov/ciris/results?cdcrNumber=BM9596 , as of July 22, 2024.

2

> after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

Local Rule 230(*l*).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

*Analysis*

Here, Plaintiff failed to oppose Defendant's motion for summary judgment. Further, the OSC directed to Plaintiff concerning his failure to file an opposition or statement of non-opposition was returned to the Court by the postal service marked "Undeliverable, paroled." At some point after January 2, 2024, Plaintiff was released from CDCR custody, and he has failed to keep the Court apprised of his current address.[4] Plaintiff's opposition or statement of non-opposition to Defendant's motion for summary judgment was due January 23, 2024, plus time for mailing. Despite that deadline and the passage of more than six months, Plaintiff has not otherwise been in contact with the Court. There are no other reasonable alternatives available to address Plaintiff's failure to obey the Court's rules and failure to prosecute this action. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

---

[4] The Court notes Plaintiff is aware of his need to keep the Court apprised of his current address as the docket reflects Plaintiff has filed three prior change of address notices: (1) on February 18, 2021 (Doc. 6 [from the Fresno County Jail to Wasco State Prison]); (2) on April 12, 2021 (Doc. 10 [from Wasco State Prison to the California Substance Abuse Treatment Facility]); and (3) on March 23, 2023 (Doc. 33 [from SATF to the California Men's Colony]).

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendant engaged in the discovery process and filed a timely motion for summary judgment, asserting there is no triable issue of material fact concerning Plaintiff's claim of excessive force. Plaintiff failed to respond in any way. This matter can proceed no further without Plaintiff's participation and a presumption of injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has failed to comply with this Court's Local Rules to file an opposition to the pending motion for summary judgment and has stopped communicating with the Court. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders or rules will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued November 13, 2020, Plaintiff was advised as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 2 at 1.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address

1  without filing and serving a notice of change of address, documents served at a party's old
2  address of record shall be deemed received even if not actually received. … If mail directed to a
3  pro se plaintiff at the address of record is returned by the United States Postal Service as
4  undeliverable, the order will not be re-served a second time absence a notice of change of
5  address." (*Id*. at 5.) Moreover, the *Rand* notice served by Defendant warned as follows: "Plaintiff
6  is required to file an opposition or statement of non-opposition to Defendant's motion. Local
7  Rules 230(l), 260. If Plaintiff fails to file an opposition or a statement of non-opposition to the
8  motion, this action may be dismissed, with prejudice, for failure to prosecute." (*See* Doc. 37-4 at
9  1-2.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from
10 his noncompliance with this Court's Local Rules. Thus, the fifth factor — the availability of less
11 drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at
12 1440.

13  In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has
14 failed to prosecute this action. *Henderson*, 779 F.2d at 1424. Whether Plaintiff has done so
15 intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the
16 Local Rules, to prosecute this action, and to keep the Court apprised of his current address. The
17 Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

18  **III.   CONCLUSION, ORDER AND RECOMMENDATIONS**

19  Accordingly, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this
20 action.

21  Further, the Court **RECOMMENDS** that this action be dismissed, with prejudice, based on
22 Plaintiff's failure to obey the Local Rules, to prosecute this action, and to keep the Court apprised
23 of his current or correct address.

24  These Findings and Recommendations will be submitted to the district judge assigned to
25 this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these
26 Findings and Recommendations, a party may file written objections with the Court. The
27 document should be captioned, "Objections to Magistrate Judge's Findings and
28 Recommendations." Failure to file objections within the specified time may result in waiver of

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 23, 2024**

UNITED STATES MAGISTRATE JUDGE